IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,210-01






EX PARTE D.J. LANINGHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CM-05-400-1 IN THE 278TH JUDICIAL DISTRICT COURT


FROM LEON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply
with sex offender registration requirements and sentenced to ninety-nine years' imprisonment. The
Tenth Court of Appeals affirmed his conviction. Laningham v. State, No. 10-06-00099-CR (Tex.
App. - Waco, July 11, 2007, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel incorrectly advised Applicant that the State would be bound to prove that Applicant was not
in compliance with the sex offender reporting requirements on the specific date alleged in the
indictment. Applicant alleges that this incorrect advice caused him to reject a plea offer from the
State and pursue a jury trial on the charge. Applicant also alleges that counsel failed to interview
and subpoena two witnesses to testify on his behalf at the punishment phase. Applicant alleges that
those witnesses were available and willing to testify to Applicant's good character, but that counsel
failed to contact them.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel advised Applicant incorrectly
as to the State's burden of proving the date alleged in the indictment, and if so, as to whether this
advice caused Applicant to reject a plea offer in favor of a jury trial. The trial court shall also make
findings as to whether counsel was advised of the existence of Teneta Barnett and Audrey Chambers,
and of their willingness to testify on Applicant's behalf at punishment. If counsel was advised of
these potential witnesses, the trial court shall make findings as to why counsel did not contact and/or
subpoena the witnesses to testify at Applicant's punishment hearing. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 19, 2009

Do not publish